```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Shelonda Petty,

    Plaintiff,

  v.                              Case No. 2:13-cv-1110

Russell Cellular, Inc.,

    Defendant.

<u>OPINION AND ORDER</u>

    This is an action with class allegations filed by plaintiff Shelonda Petty, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, <u>et</u> <u>seq</u>. against her former employer, Russell Cellular, Inc. Count One of the complaint alleges violations of the FLSA overtime provisions, 29 U.S.C. §207(a)(1). Count Two alleges that defendant violated the FLSA's recordkeeping requirements. In Count Three, plaintiff seeks a declaratory judgment, specifically, a declaration that she and other similarly-situated employees are entitled to be paid for the hours they expend making required bank deposits after the end of their paid shifts, and that defendant is required to maintain accurate and complete records of such hours.

    This matter is before the court on defendant's partial motion to dismiss Count Two of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle her to

relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

Defendant argues that Count Two fails to state a claim for relief because the FLSA's recordkeeping requirements do not afford a private cause of action. Defendant is correct. In Elwell v. University Hospitals Home Care Services, 276 F.3d 832 (6th Cir. 2002), the Sixth Circuit held that 29 U.S.C. §216(b), the FLSA provision which affords a private action against an employer for unpaid overtime wages, "does not authorize employee suits for violations of the FLSA's recordkeeping requirements." 276 F.3d at 843. "Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor." Id. (citing 29 U.S.C. §217).

This court has also held that the FLSA does not authorize employee suits for violations of the recordkeeping requirements of 29 U.S.C. §211(c). See Millington v. Morrow County Bd. of Com'rs, No. 2:06-cv-347, 2007 WL 2908817 at *13 (S.D.Ohio Oct. 4, 2007). Other courts have reached the same conclusion. See, e.g., Lopez v. Tri-State Drywall, Inc., 861 F.Supp.2d 533, 537 (E.D.Pa. 2012)(there is no private right of action for FLSA recordkeeping violations); Frisby v. Keith D. Weiner & Associates Co., LPA, 669 F.Supp.2d 863, 868 (N.D.Ohio 2009)(same); Cunningham v. Elec. Data Sys. Corp., 579 F.Supp.2d 538, 542-43 (S.D.N.Y. 2008)(holding that

2

"there is no private right of action to enforce" §211(c)); <u>Barton v. Pantry, Inc.</u>, no. 1:04CV748, 2006 WL 1367421 at *3 (M.D.N.C. May 17, 2006)(the FLSA "does not allow employees to bring actions, either for civil penalties, damages, or injunctive relief, for violations of the FLSA's record-keeping provision."); <u>Twaddle v. RKE Trucking Co.</u>, No. 2:04CV557, 2006 WL 840388 at *4 (S.D. Ohio Mar. 28, 2006)(same); <u>East v. Bullock's Inc.</u>, 34 F.Supp.2d 1176, 1183 (D.Ariz. 1998)(Congress did not intend to provide a private right to enforce the FLSA recordkeeping requirements). Plaintiff has cited no case which holds to the contrary.

Plaintiff opposes the partial motion to dismiss. Plaintiff attempts to distinguish the instant case from <u>Millington</u>, noting this court's statement in that case that there was "no evidence to support plaintiff's claims that the defendant failed in their record-keeping responsibilities." <u>Millington</u>, 2007 WL 2908817 at *13. This court did not intend to suggest by that statement that a claim for recordkeeping violations could have been presented to the jury if plaintiff had presented evidence of recordkeeping deficiencies. Rather, this statement simply provided an alternative ground for granting summary judgment to the defendants, even assuming, as plaintiff in that case argued, that a private right of action to enforce the FLSA recordkeeping requirements was available. This court clearly held in <u>Millington</u> that "[t]he FLSA does not authorize employee suits for violations of [the recordkeeping] requirements" and that "insofar as plaintiff seeks to assert a separate claim for failure to maintain records, such a claim is not available." <u>Id.</u>

Plaintiff also argues that the Sixth Circuit's holding in

3

Elwell was dicta.  Elwell addressed the issue of whether the district court erred in refusing to give a jury instruction which would have allowed the jurors to calculate an award of back wages applying a three-year statute of limitations, rather than a two-year statute of limitations, if they found that the defendant was reckless in failing to maintain required time records for its employees.  This dicta argument was rejected by the court in Frisby, which noted that the Sixth Circuit's analysis of whether the FLSA authorized employee suits for recordkeeping violations "was central to the court's refusal to permit a jury instruction on the FLSA's recordkeeping requirements."  Frisby, 669 F.Supp.2d at 867-68.  As the court in Frisby noted, "[h]ad a private right of action been available, the proposed instruction would have been proper."  Id. at 868.  The Sixth Circuit's statement in Elwell that §216(b) does not authorize employee suits for violations of the FLSA's recordkeeping requirements was not mere dicta.

Plaintiff then contends that Elwell "held that 'an employer's recordkeeping practices' may properly be introduced in an employee action in conjunction with other actionable violations of the FLSA."  Doc. 18, p. 6.  Plaintiff argues that the alleged recordkeeping violation "is not a stand-alone claim in this case" but instead "is coupled with an actionable claim for violations of the FLSA's overtime requirement ... as well as a claim for declaratory judgment."  Doc. 18, p. 6.  Plaintiff states that while "Elwell may limit the remedy employees may seek for a recordkeeping violation, ... it does not prevent them from pleading and proving the recordkeeping violation in conjunction with other actionable claims."

4

Plaintiff apparently seeks to preserve the alleged recordkeeping violations as a claim, contending that by consolidating this claim with her overtime claim, both may be presented to the jury. This argument misapprehends the Sixth Circuit's observations in <u>Elwell</u> concerning the use of <u>evidence</u> of recordkeeping violations to prove other FLSA violations. In regard to the use of evidence of the failure to keep time records in determining whether the employer acted willfully in failing to pay overtime, the Sixth Circuit stated:

> Although the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime. For example, the fact that an employer knowingly under-reported its employee's work hours could suggest to a jury that the employer was attempting to conceal its failure to pay overtime from regulators, or was acting to eliminate evidence that might later be used against it in a suit by one of its employees. If so, this evidence would make it more likely that the employer was aware of a substantial risk that its activities violated the FLSA, and acted in conscious disregard of that risk.

<u>Elwell</u>, 276 F.3d at 844 (internal citations and quotations omitted). However, the Sixth Circuit clearly held that counsel's argument that the jury could award an additional year of unpaid overtime if it found defendant's violations of the FLSA's recordkeeping provisions to be willful was "an incorrect statement of law[.]" <u>Id.</u> at 845. In other words, recordkeeping violations cannot be used to satisfy an element of an overtime violation, although evidence of those recordkeeping violations may be admissible along with other evidence to show a willful overtime law violation.

5

Plaintiff's factual allegations concerning recordkeeping violations by defendant were appropriately included in the complaint.  However, plaintiff's complaint does not simply recite evidence concerning recordkeeping violations.  Rather, in Count Two, the complaint asserts a separate claim for alleged recordkeeping law violations.  Regardless of whether plaintiff's claim of recordkeeping violations is characterized as a stand-alone claim (as suggested by the fact that it is labeled as a separate count in the complaint, see Fed. R. Civ. P. 10(b)), or as a claim "coupled with" or consolidated with her overtime claim in Count One, no claim for recordkeeping violations is authorized under the FLSA.  Likewise, the fact that plaintiff has requested declaratory relief in Count Three of the complaint does not save her purported recordkeeping claim; plaintiff cannot obtain declaratory relief on a non-existent claim.

Defendant's partial motion to dismiss Count Two (Doc. 7) is granted.  This ruling should not be construed as precluding plaintiff from offering evidence of recordkeeping violations by defendant to the extent that such evidence is determined to be relevant in proving a willful violation of the overtime laws.

Date: January 30, 2014                 s/James L. Graham
                                       James L. Graham
                                       United States District Judge